**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

———————

**No. 15-2371**

———————

WILLIAM ALEXANDER CASTILLO-BENAVIDES,

                    Petitioner,

          v.

LORETTA E. LYNCH, Attorney General,

                    Respondent.

———————

On Petition for Review of an Order of the Board of Immigration Appeals.

———————

Submitted:  June 29, 2016                Decided:  July 6, 2016

———————

Before WILKINSON, GREGORY, and KEENAN, Circuit Judges.

———————

Petition denied by unpublished per curiam opinion.

———————

William Alexander Castillo-Benavides, Petitioner Pro Se.  Scott Michael Marconda, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

———————

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

William Alexander Castillo-Benavides petitions for review of an order of the Board of Immigration Appeals (Board) dismissing his appeal from the immigration judge's (IJ) denial of his requests for asylum, withholding of removal, and protection under the Convention Against Torture.

On appeal, we confine our review to the issues raised in the petitioner's informal brief. See 4th Cir. R. 34(b). Here, the Board affirmed the IJ's denial of asylum and withholding of removal on the ground that Castillo-Benavides lacked credibility. In his informal brief, however, Castillo-Benavides fails to challenge the adverse credibility determination or the agency's denial of his request for protection under the Convention Against Torture. In failing to challenge the basis for the agency's denial of relief, Castillo-Benavides has forfeited appellate review of the Board's order. See Suarez-Valenzuela v. Holder, 714 F.3d 241, 248-49 (4th Cir. 2013) (deeming issues not raised in opening brief waived); Niang v. Gonzales, 492 F.3d 505, 510 n.5 (4th Cir. 2007) (same).

Even if the issue was not forfeited, however, substantial evidence supports the IJ's adverse credibility determination, and the IJ provided "specific, cogent reasons" for rejecting Castillo-Benavides' claims. See Ilunga v. Holder, 777 F.3d 199, 206-07 (4th Cir. 2015) (explaining credibility determinations). The independent evidence that Castillo-Benavides submitted with his

2

asylum application contradicted his own version of events and therefore does not overcome the adverse credibility determination. See id. at 213.

Accordingly, we deny the petition for review. In re Castillo-Benavides (B.I.A. Oct. 5, 2015). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

PETITION DENIED